UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
───────────────────────────────────────

ANDRÉ N. DIDDY,

                             Plaintiff,

                                                          Case # 24-CV-6485-FPG

v.

                                                          DECISION AND ORDER

STRYKER CORPORATION, *et al.*,

                             Defendants.
───────────────────────────────────────

## INTRODUCTION

Plaintiff André N. Diddy brought this products liability action against Defendants Stryker Corporation and Howmedica Osteonics Corp. in New York state court. ECF No. 1-1. Defendants removed the action to federal court and now move for summary judgment, arguing that Plaintiff's complaint is time-barred. ECF No. 4. Plaintiff opposes the motion. ECF No. 13. For the reasons that follow, Defendants' motion for summary judgment is GRANTED.

## LEGAL STANDARD

Summary judgment is appropriate when the record shows that there is "no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). Disputes concerning material facts are genuine where the evidence is such that a reasonable jury could return a verdict for the non-moving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). In deciding whether genuine issues of material fact exist, the court construes all facts in a light most favorable to the non-moving party and draws all reasonable inferences in the non-moving party's favor. *See Jeffreys v. City of New York*, 426 F.3d 549, 553 (2d Cir. 2005). However, the non-moving party

1

"may not rely on conclusory allegations or unsubstantiated speculation." *F.D.I.C. v. Great Am. Ins. Co.*, 607 F.3d 288, 292 (2d Cir. 2010) (quotation omitted).

## DISCUSSION

The parties do not dispute the relevant facts. In February 2015, Plaintiff underwent implantation of a "Restoration Modular femoral hip stem" in his left hip, which is the allegedly defective "medical device component at issue in this action." ECF No. 7 ¶ 1; ECF No. 14 at 1. In August 2020, Plaintiff suffered a fall on his left side, and he began to feel pain in his left leg in or about September 2020. *See* ECF No. 7 ¶¶ 3, 9; ECF No. 14 at 1. It was not until March 3, 2021, however, that x-ray imaging revealed that the "femoral stem had fractured and was causing his pain." ECF No. 7 ¶ 11; ECF No. 14 at 1. Plaintiff filed the present complaint in state court on February 26, 2024—more than nine years after implantation; more than three years after the onset of pain; but less than three years after discovery of the stem fracture. He raises three claims: negligence, strict products liability, and breach of warranty. Defendants contend that all three claims are untimely under the applicable statutes of limitations. The Court agrees.

Plaintiff's negligence and products-liability claims are "governed by New York's three-year statute of limitations." *Baker v. Stryker Corp.*, 770 F. App'x 12, 14 (2d Cir. 2019) (summary order) (citing N.Y. C.P.L.R. § 214(5)). Where, as here, the plaintiff alleges the "malfunction of [a] medical device[] implanted or inserted into the human body, the statute of limitations runs from the date of the *injury resulting from the malfunction*." *Id.* (internal quotation marks omitted). "In other words, the three year limitations period runs from the date when plaintiff first noticed symptoms, rather than when a physician first diagnosed those symptoms." *Id.* (internal quotation marks omitted). Therefore, Plaintiff's claims accrued when he began to suffer from left-leg pain in September 2020. *Accord Rouviere v. Howmedica Osteonics Corp.*, No. 22-3205, 2024 WL

1478577, at *2 (2d Cir. Apr. 5, 2024) (products liability claim related to hip replacement accrued when plaintiff "experienced the relevant symptoms," not when she "subjectively identif[ied] the impingement of the hip replacement products as the cause of these symptoms"); *Baker*, 770 F. App'x at 15 (where plaintiff alleged defective design of jaw implants, concluding that injury accrued when "the devices were implanted" and "caus[ed] pain"). Because the injury accrued more than three years before Plaintiff filed the complaint, his negligence and products-liability claims are untimely. *Accord Rouviere*, 2024 WL 1478577, at *2-3; *Baker*, 770 F. App'x at 14-15.

Plaintiff's breach-of-warranty claims are similarly untimely. "Section 2-725 of the New York Uniform Commercial Code establishes a four-year statute of limitations for breach of warranty claims." *Baker*, 770 F. App'x at 15. "For such claims, the statute begins to run when the product is placed in the stream of commerce or at the time of sale by the manufacturer." *Id.* (internal quotation marks omitted). This means that Plaintiff's claims accrued, "at the latest," when implantation occurred in 2015, more than four years before he filed suit. *Id.*; *see also Rouviere*, 2024 WL 1478577, at * 3.

Plaintiff responds that neither he nor his doctors were able to uncover the cause of his left hip pain until March 2021—indeed, his doctors affirmatively ruled out the femoral stem as the cause until that time. *See generally* ECF No. 14 at 1-4. Plaintiff therefore contends that, as a matter of policy and logic, his claims should not be deemed to have accrued until he actually discovered the defective stem on March 3, 2021. *See generally* ECF No. 14-1.

The Court acknowledges the force of Plaintiff's arguments, but they do not allow him to avoid summary judgment. Plaintiff concedes that the "symptoms of pain for which [he] seeks to recover in this action began in or around September 2020." ECF No. 7 ¶ 3; ECF No. 14 at 1; *see also* ECF No. 6 at 21. Under state law, "[t]he [s]tatute of [l]imitations for personal injury caused

3

by the malfunctioning of a prosthetic or contraceptive device implanted or inserted into the human body runs from the date of the injury resulting from the malfunction." *Martin v. Edwards Labs.*, 60 N.Y.2d 417, 422 (1983). Where, as here, the onset of the process "traceable to the device, which is claimed to have caused plaintiff's injury, [begins] more than three years before the commencement of the action, the defendant [is] entitled to dismissal of the entire complaint on [s]tatute of [l]imitations grounds." *Guisto v. Stryker Corp.*, 293 F.R.D. 132, 136 (E.D.N.Y. 2013) (internal brackets omitted). Plaintiff's subjective ignorance of the cause of that pain—even if attributable to affirmative misdiagnosis—does not "prevent [his] claim from accruing." *Rouviere*, 2024 WL 1478577, at *3; *see also Baker*, 770 F. App'x at 15 n.1; *Braunscheidel v. Stryker Corp.*, No. 12-CV-1004, 2013 WL 1337013, at *4 (N.D.N.Y. Mar. 29, 2013); *Ferreri v. McGhan Med. Corp.*, No. 95-CV-6189, 1997 WL 580714, at *3 (S.D.N.Y. Sept. 17, 1997) ("Under New York law, neither erroneous diagnoses or progressive deterioration of a patient's condition tolls the statute of limitations.").

The analysis might well be different if Plaintiff were to argue that his initial symptoms were too "isolated or inconsequential" to trigger the statute of limitations, *Braunscheidel*, 2013 WL 1337013, at *5, or that the stem did not actually fracture until March 2021.[1] But Plaintiff's central allegation is that, in or about August 2020, the femoral stem was "fractured *in situ*" and began causing his pain, albeit in a manner that was not detectable to his medical providers until March 2021. ECF No. 14-1 at 9. In light of that admission, "no reasonable jury could find that [Plaintiff] did not experience pain traceable to [the defective femoral stem] before the statute of limitation expired." *Baker v. Porex Corp.*, No. 16-CV-3422, 2018 WL 1440311, at *6 (E.D.N.Y.

---

[1] While Plaintiff does mention in passing that there was "no *evidence* of product malfunction until March 3, 2021," ECF No. 14-1 at 11 (emphasis added), it is clear, given Plaintiff's damages statement and other admissions, that he believes the femoral stem was to blame for the pain he began to experience in September 2020. *See* ECF No. 6 at 21; *see also* ECF No. 7 ¶ 3; ECF No. 14 at 1.

Mar. 22, 2018) (timing of when plaintiff discovered his implant was the source of his pain was "immaterial" to the analysis, since he was "aware of the pain that flowed from" the implant's defect outside of the limitations period).

Therefore, summary judgment is warranted.

## CONCLUSION

For these reasons, Defendants' motion for summary judgment (ECF No. 4) is GRANTED. Because Plaintiff does not wish for his medical records to be sealed, *see* ECF No. 14-2, the Clerk of Court is directed to unseal the documents entered at ECF No. 11. The Clerk of Court is further directed to enter judgment in Defendants' favor and close the case.

IT IS SO ORDERED.

Dated: April 10, 2025
       Rochester, New York

                                      HON. FRANK P. GERACI, JR.
                                      United States District Judge
                                      Western District of New York